UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES C. SKEETER,

                           Plaintiff,

                                                                                  Case # 16-CV-6770-FPG

v.

                                                                                    DISMISSAL ORDER

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

## INTRODUCTION

On November 30, 2016, *pro se* Plaintiff James Skeeter brought this action against the Acting Commissioner of Social Security and moved to proceed *in forma pauperis*. ECF Nos. 1, 2. On December 22, 2016, the Court granted Plaintiff's *in forma pauperis* motion, and on January 17, 2017, the Commissioner was served. ECF Nos. 3, 6.

## BACKGROUND

The Commissioner filed the transcript in this case on April 11, 2017. ECF No. 9. Pursuant to the Court's Standing Order on Social Security appeals, dispositive motions from both parties were due by June 12, 2017, *i.e.*, within 60 days of the filing of the administrative transcript. *See also* Loc. R. Civ. P. 5.5.[1] On June 9, 2017, the Commissioner moved for an extension of time to file her dispositive motion and a letter from Plaintiff indicated that he agreed to this request. ECF Nos. 11, 12. The Court granted the Commissioner's motion and extended the filing deadline to June 19, 2017. ECF No. 11. The Court mailed Plaintiff a copy of the Text Order granting the extension of time. *Id.*

---

[1] The Court mailed a copy of Local Rule 5.5 ("Procedures in Social Security Cases") to Plaintiff on October 25 and December 1, 2017. ECF Nos. 15, 18.

In compliance with the Court's extension of time, the Commissioner timely filed a Motion for Judgment on the Pleadings on June 19, 2017. ECF No. 14. Although on January 4 and June 12, 2017 Plaintiff filed what he labels as "exhibits" and "medical records" (ECF Nos. 4, 13), he did not file a dispositive motion. Accordingly, on October 25, 2017, the Court ordered Plaintiff to show cause in writing by November 27, 2017 why this case should not be dismissed based on his failure to comply with the Court's deadline. ECF No. 15.

On November 30, 2017, Plaintiff requested an extension of time to file a dispositive motion. The Court granted that request and gave Plaintiff until January 5, 2018 to do so. This deadline passed and Plaintiff did not submit a motion or otherwise communicate with the Court. Thus, on January 22, 2018, the Court again ordered Plaintiff to show cause in writing by February 23, 2018 why this case should not be dismissed for his failure to adhere to the Court's Orders. ECF No. 19. Despite the Order's explicit warning that Plaintiff's failure to respond would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), Plaintiff has not responded to the Order.

**DISCUSSION**

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice

that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, the Court warned Plaintiff on two separate occasions that he was not in compliance with the Court's Orders and that his case was subject to dismissal. After Plaintiff responded to the Court's first Order to Show Cause, the Court granted him over five weeks to file a dispositive motion, which is nearly seven months beyond the original motion deadline in this case. After this deadline passed, the Court again ordered Plaintiff to show cause why his case should not be dismissed, and Plaintiff ignored the Order. Since Plaintiff has refused to prosecute this action and to respond to the Court's Orders, there is no effective sanction less drastic than dismissal.

## CONCLUSION

Because Plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, the Court finds that dismissal is appropriate. Accordingly, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 10, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court